UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NARINDER KHATKAR,

    Petitioner,

  v.

JEFFREY BEARD,

    Respondent.

No. 2:14-cv-0079 KJM KJN P

ORDER

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 9, 2014, respondent moved to dismiss this action as barred by the statute of limitations. (ECF No. 12.) On December 30, 2014, the magistrate judge filed findings and recommendations recommending that the motion be granted. The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, for the

/////

1

reasons set forth below the court will direct the parties to file further briefing in accordance with this order.

By this action, petitioner challenges a felony conviction for assault, entered pursuant to a no contest plea, on the ground that he received ineffective assistance of counsel when his defense attorney failed to advise him of the immigration consequences of his plea.  Petitioner entered his plea on March 20, 2009.  (ECF No. 26 at 2.)  On April 24, 2009, he was sentenced to one year in county jail followed by three years of formal felony probation.  (ECF No. 26 at 3.)  In August 2009, on petitioner's motion the jail term was modified to 364 days.  (ECF No. 26 at 3.)   On April 2, 2010, petitioner admitted a violation of probation and was sentenced to three years in state prison for violating probation.  (ECF No. 26 at 3.)  Petitioner did not file a direct appeal from any of the foregoing proceedings.  (ECF No. 26 at 4.)

While the parties dispute when the limitations period began to run, they both assume that the conviction at issue in these proceedings became final on June 2, 2010, sixty days after petitioner admitted the probation violation and was sentenced to three years in state prison.  *See* ECF No. 12 at 3; ECF No. 18 at 1-2.  The magistrate judge finds that petitioner's conviction and sentence became final on June 2, 2010.  (ECF No. 26 at 7.)

In the instant case, the date on which petitioner's conviction became final is relevant both to the statute of limitations analysis and, should the matter survive respondent's current motion to dismiss, to analysis of the merits of petitioner's claim.  Petitioner's ineffective assistance of counsel claim is based on *Padilla v. Kentucky*, 559 U.S. 356 (2010).  The rule announced in *Padilla* does not apply retroactively to criminal convictions that were final before *Padilla* was decided.  *Chaidez v. United States,* __ U.S. __, 133 S.Ct. 1103, 1105 (2013).  *Padilla* was decided on March 31, 2010.  Thus, the question of whether the conviction at issue in these proceedings became final sixty days after he was sentenced on April 24, 2009 or, instead, sixty days after the April 2, 2010 sentencing proceeding is key.[1]

---

[1] The alleged ineffectiveness of counsel occurred in connection with petitioner's March 24, 2009 conditional no contest plea.  (ECF No. 26 at 6-7 (quoting ECF No. 1 at 5).)  Petitioner does not challenge counsel's performance in connection with his April 2, 2010 admission to the probation violation that resulted in his three year prison sentence.  It is the three year sentence, apparently,

2

1  Good cause appearing, IT IS HEREBY ORDERED that within twenty days from the date
2  of this order the parties shall file supplemental briefs addressing, as appropriate, the legal basis
3  for the finding that petitioner's conviction for violation of California Penal Code § 245(a)(2)
4  became final sixty days after he was sentenced to state prison for admitting a violation of the
5  probation term imposed on that conviction, or whether, under state law, that conviction became
6  final at some earlier date.  The parties may, but are not required at this time to, address any other
7  issues presented by the question raised in this order.
8  DATED:  September 15, 2015.

_____
UNITED STATES DISTRICT JUDGE

28  that triggered the immigration consequences petitioner now faces.