UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARINDER KHATKARH, | No. 2:14-cv-0079 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Respondent. | |

Petitioner is a former state prisoner proceeding through counsel with this application for a writ of habeas corpus under 28 U.S.C. § 2254. By order filed March 31, 2016, this court granted respondent's motion to dismiss, dismissed this action as barred by the statute of limitations, and denied petitioner's request for a certificate of appealability (COA). ECF No. 31. Judgment was entered the same day. ECF No. 32. On April 28, 2016, petitioner filed a motion for reconsideration of the decision to grant the motion to dismiss and to deny a COA. ECF No. 33. On May 6, 2016, respondent filed a response to the motion. ECF No. 34.

Petitioner's motion is properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See American Ironworks & Erectors, Inc. v. North American Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

/////

> The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed.R.Civ.P. 60(b).

*Id*. In relevant part, Local Rule 230(j) requires a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon [the] prior motion, or what other grounds exist for the motion; and [ ] why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j) (E.D.Cal.).

The court's decision to grant respondent's motion to dismiss was based in large part on the determination that petitioner had "not demonstrated he is entitled to tolling of the limitations period between May 10, 2012, when the Sutter County Superior Court denied his second state habeas petition, and March 25, 2013, when petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, a gap of 318 days." ECF No. 31 at 9. Petitioner objects to this finding on the ground that respondent did not raise this argument in the motion to dismiss, instead only arguing it in the reply brief, and it was not the basis for the magistrate judge's recommendation that respondent's motion to dismiss be granted. ECF No. 33 at 5. Petitioner contends he did not have an opportunity to brief this issue. *Id*. He therefore seeks leave to present additional evidence and argument to show that he is entitled to gap tolling for this period, and asks the court to reconsider its decision in light of that argument and evidence. *Id*. In particular, petitioner seeks to present evidence that suggests the state court of appeal denied his petition on the merits, rather than as untimely, and that the state court of appeal had evidence that petitioner's impairments prevented him from filing a petition without assistance of counsel. *Id*. at 6-8; ECF Nos. 33-1, 33-2. Respondent does not oppose this request, instead resting its response to the motion on the briefing already filed, on the magistrate judge's findings and recommendations, and on this court's March 31, 2016 order. ECF No. 34 at 1-2.

The court finds petitioner has made a sufficient showing as to why he did not previously present the court with the evidence now submitted with the motion for reconsideration

to warrant consideration of that evidence. In particular, as set forth below, the issue of the timeliness of petitioner's state court of appeal petition was not raised in the motion to dismiss and therefore was not briefed in a way that required petitioner to present all evidence relevant to that question in his opposition, the sole brief he was authorized to file in connection with that motion. In particular, he did not have an opportunity to respond to arguments about the issue made by respondent in the reply brief. It is therefore proper for this court to consider that evidence and his arguments on this motion.

In the motion to dismiss, respondent argued that the statute of limitations began to run on June 2, 2010 and expired on June 1, 2011, well before petitioner filed his first collateral attack in state court, and that petitioner was not entitled to a later start of the limitations period. ECF No. 12. In making the latter argument, respondent contended, *inter alia*, that even if petitioner's claims were "newly discovered" within the meaning of 28 U.S.C. § 2244(d)(1)(D), petitioner had not been diligent in presenting his claims and the assertion that petitioner's family had not been able to raise enough money to pay for counsel was not a sufficient justification for the delay. *Id*. at 13-14. Respondent's position was that the statute of limitations expired before petitioner made any collateral attack in state court, and respondent did not raise the alternative argument that even if petitioner's state court petitions had been timely petitioner was not entitled to gap tolling for the period from May 10, 2012 to March 25, 2013.

In opposition to the motion, petitioner argued that the limitations period began to run on February 15, 2012, and that he was entitled to statutory and gap tolling from March 21, 2012 through October 23, 2013 because "none of his state petitions were denied on untimeliness grounds." ECF No. 18 at 7. In the reply, respondent disputed this assertion, contending that petitioner had delayed "much longer than the outer limit of 30 to 60 days that most States provide for filing an appeal," between May 10, 2012 and March 25, 2013, that the state superior court petition and the state court of appeal petition were "virtually identical" and that there was "no justification" for exceeding the "presumptively reasonable 60-day limit" between the denial of the superior court petition and the filing of the court of appeal petition. ECF No. 24 at 12-13. Respondent also argued that the state courts would not have excused petitioner's delay for the

1    reason asserted by petitioner, and that this court was required to apply California law to determine
2    whether the state court of appeal opinion was timely. *Id*. at 13-14 & n.6.
3           Though he mentioned it in a footnote, ECF No. 26 at 15 n.3, the magistrate judge
4    did not reach this issue. He found that the latest date on which the limitations period began to run
5    was April 30, 2011, that petitioner did not file any petition for collateral relief for 326 days, and
6    that his federal petition was not filed until 82 days after the last state petition was denied, thus
7    making the petition untimely. *Id*. at 15.
8           In the March 31, 2016 order, this court found, *inter alia*, that the state court of
9    appeals "summary denial" of the petition filed in that court "'shed[s] little light on whether [the
10   state] court[] found' the petition timely." ECF No. 31 at 11 (quoting *Velasquez v. Kirkland*, 639
11   F.3d 964, 967 n.5 (9th Cir. 2011)). "A federal habeas court must determine timeliness when there
12   is no clear indication by the state court." *Maxwell v. Roe*, 628 F.3d 486, 496 (9th Cir. 2010). In
13   doing so, the court looks at (1) whether the state court considered the petition on the merits, and
14   (2) whether petitioner provided the state court with an explanation for the delay. *Id*. Petitioner
15   has now presented evidence that the state court of appeal required respondent to answer the state
16   petition on the merits, and that respondent filed an opposition to the petition that nowhere
17   asserted the petition was untimely. *See* ECF Nos. 33-1, 33-2. The state court of appeal's order
18   denying the petition reads as follows:

> The Petition for Writ of Habeas Corpus filed May 2, 2012 has been read and considered.
>
> The Writ of Habeas Corpus is denied for the following reason:
>
> Petition has failed to establish a prima facie case for relief on habeas corpus (In re Lawler 23 Cal. 3d 190, 194).
>
> The Court notes that the declaration of defendant, referenced on page 24 of the petition, was signed on August 6, 2009, well before the date the defendant was sentenced to prison.

25   Lodged Doc. 9. Rejection of petitioner's claims for failure to "state a prima facie case" for relief
26   is a decision on the merits under California law. *See Cullen v. Pinholster*, 563 U.S. 170, 188 n.12
27   (2011) (quoting *In re Clark*, 5 Cal.4th 750, 770 (1993)). Evidence that the state court considered
28   /////

4

1  the petition on the merits "at least suggests it considered the petition timely." *Maxwell,* 628 F.3d
2  at 496.
3        The other factor this court is required to consider is the adequacy of petitioner's
4  explanation for the delay in filing the state court petition. California law requires "that a
5  petitioner explain and justify any significant delay in seeking habeas corpus relief." *In re Clark*,
6  5 Cal.4th at 765. In *Clark*, the California Supreme Court noted that it had

> accepted as adequate explanation and justification for a five-year delay between conviction and filing of a collateral attack on a judgment, a petitioner's grade school education and inability to make use of information because he was not aware of the law, when, on learning of the law, the prisoner immediately sought the assistance of counsel. (*In re Saunders*, *supra*, 2 Cal.3d 1033, 1040, 88 Cal.Rptr. 633, 472 P.2d 921; *see also In re Perez* (1966) 65 Cal.2d 224, 228, 53 Cal.Rptr. 414, 418 P.2d 6 [three-year delay between sentencing and filing of petition excused where petitioner had not completed seventh grade, was not knowledgeable about legal procedures, and diligently used resources available to prisoners for research and preparation of legal documents].)

14 *Id*. at 786. Here, petitioner presented the state court of appeal with evidence of his intellectual
15 and mental impairments. *See* Lodge Doc. No. 10 at 6-8. He also argued to the state court that he
16 had been in custody from December 31, 2009 through June 2012, was "entirely dependent on his
17 family," his family "did not have the funds to retain counsel for filing" the state court of appeal
18 petition at the time the second superior court petition was denied on May 10, 2012, and his family
19 had not been able to raise enough money to retain counsel "until late February 2013." *Id*. at 13.
20 This court has already found that petitioner's allegations of mental impairment are sufficient to
21 show he was either "unable rationally or factually to personally understand the need to timely file,
22 or . . . unable personally to prepare a habeas petition and effectuate its filing." ECF No. 31 at 8-9
23 (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)). The record before this court
24 suggests that the record before the state court of appeal was adequate to "explain and justify" his
25 delay in seeking habeas relief.
26       For the foregoing reasons, the court grants petitioner's request to reconsider its
27 earlier finding that petitioner was not entitled to gap tolling for the entire period between May 10,
28

5

2012 and March 25, 2013, *see* ECF No. 31 at 9-11, and concludes that petitioner was entitled to gap tolling for this period.

Accordingly, the court now finds that, viewing the record in the light most favorable to petitioner, the statute of limitations began to run on or about April 30, 2011, when petitioner discovered the factual predicate for his claim. 28 U.S.C. § 2244(d)(1)(D).  The court also finds that petitioner is entitled to gap tolling from March 21, 2012, when petitioner filed his first state petition for writ of habeas corpus in the Sutter County Superior Court until October 23, 2013, when the California Supreme Court summarily denied the petition filed in that court.  Three hundred twenty-six days elapsed between April 30, 2011 and March 21, 2012.  Absent equitable tolling, the limitation period expired thirty-nine days after October 23, 2013, on or about December 1, 2013, before this action was filed on January 13, 2014.

In the prior order, the court found well-taken petitioner's objection to the magistrate judge's recommendation that petitioner was not entitled to equitable tolling from April 30, 2011 until November 30, 2011, based either on his immigration detention in Texas or his mental impairments.  *See* ECF No. 31 at 7.  In granting respondent's motion to dismiss, the court discussed this recommendation and petitioner's objections, as follows:

> The magistrate judge finds that petitioner is not entitled to equitable tolling until November 30, 2011 based on either his immigration detention in Texas or his mental impairments.  *See* ECF No. 26 at 13-15.  In rejecting the first argument, the magistrate judge finds that "petitioner chose to devote his time and resources exclusively to his immigration case rather than to seek habeas relief in a more timely fashion" and that this "choice" was not an "'extraordinary circumstance beyond [his] control.'"  ECF No. 26 at 13.  As to the second, the magistrate judge finds that the evidence submitted by petitioner is insufficient to demonstrate that petitioner "'had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing.'"  ECF No. 26 at 14 (quoting *Bills v. Clark*, 628 F.3d 1092, 1100-01 (9th Cir.   2010)).  Petitioner's objection to the recommended rejection of his equitable tolling argument is well-taken.
>
> In *Bills*, the United States Court of Appeals for the Ninth Circuit set forth a two-part test that a habeas petitioner must satisfy to demonstrate eligibility for equitable tolling due to mental impairment:

6

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control,. . . . by demonstrating the impairment was so severe that either

(a) petitioner was unable rationally or factually to personally understand the need to timely file, or

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.[Footnote omitted.]

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099-1100. The evidence shows that petitioner has cognitive and intellectual deficits, with an IQ estimated at 69 when he was a senior in high school. ECF No. 26 at 5. When he met with Ms. Coles-Davila in April 2011 petitioner was in immigration custody in Texas. ECF No. 26 at 3. In July 2011, shortly after he met with Ms. Coles-Davila, a neuropsychologist diagnosed petitioner with borderline intellectual functioning, major depressive disorder, anxiety disorder, learning disorder, cognitive disorder, and personality change due to history of traumatic brain injury. ECF No. 1-2 at 16. The neuropsychologist found that petitioner has "difficulties with memory . . . attention and concentration" and "expressing himself due to having difficulties finding the words that he wants to use to express his thoughts." ECF No. 1-2 at 16. The neuropsychologist found that petitioner's "reasoning and judgment were in the lower end of the spectrum of being within normal limits due to his Borderline intellectual capacity" and that petitioner had an IQ score of 75. ECF No. 1-2 at 16, 22. The neuropsychologist found that petitioner would qualify for "Special Education courses as well as for disability services due to his limited intellectual capacity." ECF No. 1-2 at 23.

In *Chatman v. Hill*, No. 12-15461 (Nov. 26, 2014), the United States Court of Appeals for the Ninth Circuit found that "uncontroverted evidence demonstrating a long history of mental illness" combined with evidence of frequent episodes of depression and auditory hallucinations and "an IQ of 69 and the language skills of a third grader" satisfied the first prong of the *Bills* test. *Chatman*, slip op. at 2-3. [Footnote omitted.] Consistent with *Chatman*, petitioner's allegations of mental impairment are sufficient to satisfy the first prong of the *Bills* test.

The record is not sufficiently developed for the court to determine whether petitioner satisfies the second prong of the *Bills* test. There is a general allegation in petitioner's state court of appeal habeas petition that Ms. Coles-Davila "ultimately advised his family to retain criminal counsel to investigate whether there were grounds for post-conviction relief" and that petitioner retain counsel in February 2012, approximately two months after the

7

>BIA's November 30, 2011 decision. Lodged Doc. No. 10 at 12. While it appears from the record that petitioner retained habeas counsel in February 2012, *see* Lodged Doc. No. 12 at 14, it is not clear when Ms. Coles-Davila advised petitioner's family to retain criminal counsel or if petitioner acted with diligence after receiving this advice.

ECF No. 31 at 7-9.

In the motion for reconsideration, petitioner contends the record is sufficient to show the diligence required under *Bills*. Specifically, petitioner contends

>The record reflects that Mr. Khatkarh's immigration case was pending through the Board of Immigration Appeals' decision affirming the order of removal on November 30, 2011 (dkt. no. 26 at p. 4), and he was in immigration custody through June, 2012 (lodged document 10 at p. 13). The record also reflects that his family retained Ms. Coles-Davila to represent him in the immigration proceedings. Lodged document 10 at p. 13. Habeas counsel was retained in February, 2012, shortly after the immigration case had ended. Id. The family depleted their funds paying these legal fees, and could not afford to retain counsel for the next stage of review. *Id*.
>
>"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 652 (2010) (internal citations and quotation marks omitted). Surely Mr. Khatkarh and his family proceeded with reasonable diligence in first focusing their energy and resources on seeking relief in immigration court, then, within just a few months of the end of the immigration case, retaining criminal counsel to seek relief from the conviction that resulted in such consequences.

ECF No. 33 at 9.

Petitioner is correct that "[t]he diligence required for equitable tolling is 'reasonable diligence,' not 'maximum feasible diligence.'" *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (quoting *Holland*, *supra*). "[R]easonable diligence . . . requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Id*. at 1015. After review of the record now before the court, the court is convinced that under the particular circumstances petitioner faced, including his detention in immigration custody in Texas at a great distance from California and the court where he was convicted as well as the financial realities faced by his family in obtaining the assistance of counsel for petitioner, petitioner and his family exercised reasonable diligence in focusing first on petitioner's immigration proceedings

8

1  and then obtaining new counsel to seek relief from the criminal conviction within a few months
2  of the Board of Immigration Appeals' November 30, 2011 decision.  The court therefore
3  concludes that petitioner is entitled to equitable tolling of the limitation period for at least the
4  seven month period from April 30, 2011 to November 30, 2011.
5        After reconsideration, for all the reasons set forth in this order the court finds that
6  the instant action is not barred by the statute of limitations.  Petitioner's motion for
7  reconsideration will be granted as to the court's prior order granting respondent's motion to
8  dismiss.  Reconsideration of the court's order denying a certificate of appealability is moot and
9  will be denied for that reason.
10       In accordance with the above, IT IS HEREBY ORDERED that:
11     1. Petitioner's April 28, 2016 motion for reconsideration is granted in part as set
12        forth in this order;
13     2. This court's March 31, 2016 order and the judgment thereon are vacated;
14     3. Respondent's May 9, 2014 motion to dismiss this action as barred by the
15        statute of limitations is denied; and
16     4. This matter is referred back to the assigned magistrate judge for further
17        proceedings.
18 DATED: March 30-, 2017.

_____
UNITED STATES DISTRICT JUDGE