UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARINDER SINGH KHATKARH,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. 2:14-cv-0079 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a former state prisoner, proceeding through counsel. Presently calendared for hearing on August 10, 2017, is respondent's motion to dismiss this action for lack of jurisdiction. Pursuant to Local Rule 230(g), the court has determined that the matter is submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, the undersigned recommends that the motion to dismiss be denied, and respondent be directed to file an answer.

II. Background

On March 20, 2009, petitioner pled no contest to assault with a firearm. On April 24, 2009, the court sentenced petitioner to one year in jail, and three years' probation. On August 6, 2009, petitioner filed a motion to modify the terms of his probation. On August 21, 2009,

petitioner's motion was granted, and the court reduced petitioner's jail term to 364 days. On April 2, 2010, petitioner admitted that he violated a term of his probation, requiring that he obey all laws, by driving with a blood alcohol content of 0.08% or greater, in violation of California Vehicle Code § 23152(b). (ECF No. 1-3 at 29-36.) Petitioner was sentenced to three years in state prison for violating probation. (Id.)

This action was filed on January 13, 2014. (ECF No. 1.)

On January 29, 2014, petitioner was released from parole. (ECF No. 38-1 at 3.)

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

IV. In Custody?

Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" as a result of the conviction being challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91(1989) (per curiam); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). The "in custody" requirement of 28 U.S.C. § 2254(a) is satisfied where a petitioner has been placed on parole or probation. See Maleng, 490 U.S. at 491; Jones v. Cunningham, 371 U.S. 236, 243 (1963); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[I]f a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction.").

Here, petitioner was on parole at the time he filed the instant petition on January 13, 2014. (ECF No. 1-1 at 7.) While petitioner was subsequently discharged from parole supervision, after the instant petition was filed, petitioner nevertheless satisfies the "in custody" requirement

because he was "in custody" at the time of filing. See Chaker, 428 F.3d at 1219; Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir. 1983) (explaining difference between "in custody requirement" and mootness); see also United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988) ("district court's jurisdiction over this motion is measured at the time of filing.").

V. Has Petitioner's Release from Parole Rendered this Action Moot?

Respondent concedes that petitioner proves his status (that he was in custody at time of filing), and that petitioner suffers collateral consequences flowing from the challenged criminal conviction. (ECF No. 41 at 2.) However, respondent argues this case must be dismissed because petitioner's release from custody and parole deprive petitioner of standing to pursue this action. Respondent insists that because petitioner has been released from custody this court cannot provide a remedy. Respondent contends that the only relief this court can offer petitioner is "limited to (unconditional or conditional) release from the custody of a respondent":

> The power of a federal habeas court "lies to enforce the right of personal liberty." Fay v. Noia, 372 U.S. 391, 430, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963), overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L.Ed.2d 594 (1977). As such, a habeas court "has the power to release" a prisoner, but "has no other power [.]" Id. at 431, 83 S. Ct. 822. "[I]t cannot revise the state court judgment; it can act only on the body of the petitioner." Id.

Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010). (ECF No. 38 at 5.)

Petitioner argues that his habeas petition continues to present a live case or controversy after his release because he suffers actual collateral consequences of removal: his conviction of assault with a firearm constitutes an aggravated felony under California law, which subjects petitioner to a final order of deportation and renders him permanently inadmissible. See 8 U.S.C. § 8 1182(a)(4)(A)(i). Moreover, petitioner argues that if his habeas petition is granted, his conviction will be vacated, providing a basis for him to move to reopen his removal case. (ECF No. 39 at 3.) Petitioner argues that, based upon immigration counsel's declaration, such a motion to reopen the removal case would "almost assuredly" be granted, and petitioner would no longer be removable. (ECF No. 39 at 3-4, citing ECF No. 39-2 (Declaration of Christopher Todd).)

////

A habeas petition becomes moot if there is no longer a case or controversy following a petitioner's release from custody. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained."). However, because 28 U.S.C. § 2254 contemplates remedies other than release from custody, the petition does not necessarily become moot when petitioner is released from physical custody prior to final adjudication of the habeas petition. See Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968) (the petitioner's release from custody does not render petition moot if petitioner remains subject to collateral consequences arising from the conviction); see also Spawr Optical Research, Inc., 864 F.2d at 1470 (§ 2255 motion did not become moot because despite completed term of probation, additional collateral consequences remained). Thus, as long as there are collateral consequences of the conviction, a habeas action challenging the prisoner's underlying conviction may be maintained even after a petitioner is released from custody.

Here, petitioner has demonstrated that he is subject to deportation and permanent removal based on the challenged underlying conviction. (ECF No. 39 at 3.) As such, he remains subject to collateral consequences of his conviction. See Chaker, 428 F.3d at 1219 (explaining that because the petitioner may be subject to a harsher punishment as a result of his conviction, the petition was not moot); Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir. 1976) (holding that immigration consequences of a criminal conviction constitute collateral consequences); Park v. California, 202 F.3d 1146, 1148 (9th Cir. 2000) ("Park's release from prison does not moot his habeas petition[,] . . . [b]cause he faces deportation, Park suffers actual consequences from his conviction.")[1] Thus, the instant petition is not moot.

---

[1] Even in cases where the prisoner was deported prior to the adjudication of the habeas petition, courts have found that deportation does not moot the petition. Frimpong v. MacDonald, 2014 WL 1779492 at *7 (C.D. Cal. May 5, 2014) ("a deportation after the filing of a federal habeas corpus petition does not deprive the court of jurisdiction or moot the petition, so long as the petitioner was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of the removal that are redressable by success on the petition.") Zegarra-Gomez v. INS, 314 F.3d 1124, 1127 (9th Cir. 2003) ("We also agree that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal.");

Nevertheless, respondent argues that because petitioner is no longer in custody, he cannot claim he is "in custody" in violation of the Constitution of other federal laws, as required under section 2254(a)'s second use of the terms "in custody." (ECF No. 41 at 2.) Respondent relies on Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010) (challenge to restitution order, standing alone, did not satisfy the "in custody" requirement for jurisdiction under § 2254).

		In Bailey, the Ninth Circuit did point out that § 2254 contains two references to "in custody." Bailey, 599 F.3d at 978. However, the Ninth Circuit defined the second "in custody" requirement as "explicitly requir[ing] a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 980. The Ninth Circuit addressed Bailey's challenge to a restitution order, and found that the former prisoner failed to demonstrate a nexus between his restitution claim and the unlawful nature of his custody or underlying conviction. Id. There, the prisoner's habeas corpus petition did not challenge the lawfulness of his custody under federal law, but rather challenged a restitution order. Id. Here, petitioner challenges the lawfulness of his custody or conviction, and remains subject to the collateral consequence of being subject to a deportation order based on the conviction challenged herein. Respondent points to no case where a federal court applied Bailey to find the habeas challenge moot where the former prisoner challenged his underlying conviction and suffered the collateral consequences of impending deportation and permanent removal. Thus, the undersigned is not persuaded that Bailey deprives this court of jurisdiction, or that this case no longer presents a viable case or controversy under Article III, § 2.

		The undersigned finds that respondent's focus on redressability is similarly unavailing.

////

---

Handa v. Clark, 401 F.3d 1129, 1132-33 (9th Cir. 2005) (where petition filed prior to deportation asserted that the government had improperly applied Visa Waiver Program procedures -- effectively disputing the merits of the deportation order -- sufficient collateral consequences remained to show a live case or controversy because the petitioner would be ineligible to apply for reentry for ten years). See also Ferreira v. Ashcroft, 382 F.3d 1045, 1049 (9th Cir. 2004) (where petitioner challenged characterization of conviction as an aggravated felony and faced ineligibility to seek readmission to the United States for twenty years, case not mooted by his deportation); Chong v. INS, 264 F.3d 378, 385 (3d Cir. 2001) (similar).

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7, quoting Lewis, 494 U.S. at 477. The Supreme Court explained:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction <u>always</u> satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and <u>redressable by invalidation of the conviction</u>. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained. See, e.g., Carafas, supra, at 237-238, 88 S. Ct., at 1559-60. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur). See Sibron v. New York, 392 U.S. 40, 55-56, 88 S. Ct. 1889, 1898-99, 20 L.Ed.2d 917 (1968).

Spencer, 523 U.S. at 7-8 (emphasis added).[2] In 1968, the Supreme Court stated that "the [habeas] statute does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas, 391 U.S. at 239. The Ninth Circuit repeated this in 1983:

> The relief available under the statute is not limited to an order of discharge from state custody. Id. at 239, 88 S. Ct. at 1560; 28 U.S.C. § 2243 (habeas court may "dispose of the matter as law and justice require").

Tyars, 709 F.2d at 1274. Indeed, in Chaker, the Ninth Circuit dismissed respondent's standing argument in a footnote:

---

[2] In Carafas, the petitioner challenged his conviction in a habeas petition that he filed while he was incarcerated, establishing the district court's jurisdiction. Id. at 236. The petitioner's sentence, however, expired during the petitioner's appeal. Id. The Court concluded that the case was not moot because the petitioner, though no longer in custody, was still burdened by the "consequences of his conviction," id. at 237, and that jurisdiction was not defeated under those circumstances, id. at 238.

> The state also argues that Chaker lacks standing to attack his conviction on First Amendment grounds. We disagree. Chaker has shown "that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 124 S. Ct. 2301, 2308, 159 L.Ed.2d 98 (2004) (citations omitted).[3]

Chaker, 428 F.3d at 1219 n.4.[4]

Because this court is not limited to the remedy of discharging petitioner from physical custody, petitioner's release from custody does not deprive this court of the ability to fashion a remedy should the instant habeas petition be granted. See, e.g., Santobello v. New York, 404 U.S. 257, 263 (1971) ("The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty."); Buckley v. Terhune, 441 F.3d 688, 669 (9th Cir. 2006), cert. denied, 127 S. Ct. 2094 (2007) (*en banc*) (under the circumstances, specific performance was the only viable remedy.).

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that the hearing date of August 10, 2017, is vacated.

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 38) be denied; and

2. Respondent be directed to file an answer within fourteen days of any district court order adopting these findings and recommendations.

---

[3] Newdow was abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377 (2014).

[4] Even earlier, the Supreme Court held that the court retained jurisdiction over a habeas petition where the prisoner was deported prior to the resolution of his underlying challenge to his conviction. Fiswick v. United States, 329 U.S. 211, 223 (1946) ("To dismiss his case as moot would permit the government to compound its error at Fiswick's expense.")

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 9, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khat0079.mtd.HC.juris