UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARINDER SINGH KHATKARH,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION,<br><br>Respondents. | No. 2:14-cv-0079 KJM KJN P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 9, 2017, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Respondent has filed objections to the findings and recommendations, ECF No. 46, and petitioner has filed a response to respondent's objections. ECF No. 47.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

The court writes separately to address both of respondent's objections. Respondent's first objection is that the magistrate judge misapplied *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010). Specifically, respondent contends *Bailey* holds that the jurisdictional requirement of 28 U.S.C. § 2254(a) "requires continuing 'nexus' between a petitioner's habeas challenge and 'his custody.'" ECF No. 46 at 3. This is an incorrect reading of *Bailey*. The *Bailey* court held that "a nexus between the petitioner's claim and the unlawful nature of his custody" is part of § 2254(a)'s jurisdictional requirement that a habeas petitioner be "in custody" at the time the habeas petition is filed. *Bailey*, 599 F.3d at 980. Nothing in the *Bailey* decision changed the fundamental rule that this jurisdictional requirement attaches at the time the petition is filed and that subsequent release from custody does not deprive the federal court of jurisdiction; in fact, this rule is expressly stated in *Bailey*. *See id*. at 979 ("The petitioner must be in custody at the time the petition is filed, *see Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), but the petitioner's 'subsequent release from custody does not itself deprive the federal habeas court of its statutory jurisdiction.' *Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983).").

As the magistrate judge correctly found, *see* ECF No. 43 at 4, a habeas petition does not become moot upon a petitioner's release from custody if the petition challenges a conviction to which "specific, concrete collateral consequences" have attached. *Spencer v. Kemna*, 523 U.S. 1, 9 (1998). Respondent concedes the petition is not moot because of the immigration consequences of petitioner's conviction. ECF No. 46 at 1. Respondent argues, however, that petitioner lacks standing to pursue his claim because there is no remedy available to petitioner in this court. *Id*. at 1-2. Essentially, respondent contends the only remedy available in federal habeas corpus proceedings under 28 U.S.C. § 2254 is release from custody. *See, e.g., id*. at 6 ("There is only one claim that § 2554(a) [sic] allows: that custody is illegal. Consequently, despite a presumably valid state conviction, collateral consequences flowing therefrom, and the supreme court's [sic] hypothesis that a habeas petitioner may be entitled to more remedy than just release from custody, a petitioner failing to allege the only claim available (that current custody is illegal) has no standing, and the federal court is powerless to provide a remedy."). Respondent's contention,

2

which would require this court to depart from the well-established rule that a federal habeas corpus challenge to a state criminal conviction is not mooted by release from custody if collateral consequences attach to the conviction, is simply incorrect.

First, as the magistrate judge found, the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit have repeatedly held that federal habeas corpus relief under 28 U.S.C. § 2254 is not limited to an order requiring release from custody. *See* ECF No. 43 at 6-7 and cases cited therein. Second, though the universe of cases specifically describing the nature of such relief is limited, those cases do exist. *See*, *e.g.*, *Lane v. Williams*, 455 U.S. 624, 630 (1982) (habeas petitioners claiming constitutional violation in connection with entry of guilty plea "might ask the District Court to set aside their convictions and give them an opportunity to plead anew; . . . . Alternatively, they could seek relief in the nature of 'specific enforcement' of the plea agreement as they understood it; . . . ."); *Mizell v. Attorney General of N.Y.*, 586 F.2d 942, 948 (2nd Cir. 1978) (noting "the possibility of a declaration that the September 10, 1971 conviction is void and of an order to the respondent Attorney General to apply in the New York courts for a vacatur of the conviction and for an order expunging it and all references to it from the records.")[1]; *see also Brooks v. North Carolina Dept. of Correction*, 984 F.Supp. 940, 943 (E.D.N.C. 1997) (ordering conviction vacated).

Here, petitioner asks the court to grant the petition and "order his plea of no contest withdrawn" and his conviction vacated. ECF No. 1 at 15. If petitioner prevails on his claim, some form of relief analogous to what he has prayed for can be granted by this court. That relief

---

[1] In *Mizell*, the Court of Appeals found that the petitioner's prayer for relief had been mooted by his release from custody and held that the district court's judgment had to be vacated to allow the petitioner to apply for other relief. *Mizell*, 586 F.2d at 948. In *Lane*, the United States Supreme Court held that because respondents had not sought the "opportunity to plead anew" but instead had "sought to remedy the alleged constitutional violation by removing the consequence that gave rise to the constitutional harm," a mandatory parole term, the case had been mooted because that parole term had ended during the course of the habeas proceedings. *Lane*, 455 U.S. at 631. Noting that it did not need to decide "whether respondents would ever be entitled to relief other than the right to plead anew," the *Lane* Court found that the general prayer for relief in the petition was "not equivalent to a specific request by respondents to set aside their conviction" and that unless respondents had requested other relief "it surely would not be appropriate to enter an order that would subject [the respondents] to the risk of retrial after their sentences had been served." *Id.* at 631 n.11.

3

will be shaped by binding precedent. *See*, *e.g.*, *Johnson v. Uribe*, 700 F.3d 413, 425-27 (9th Cir. 2012), *cert. denied*, 134 S.Ct. 617 (2013) ("appropriate remedy" for a valid claim of ineffective assistance of counsel in connection with entry of a guilty plea is to "return [the petitioner] to the pre-plea stage of the proceedings" and to allow him to "'bargain' from the position he would have been in" had counsel provided constitutionally adequate assistance.).

Respondent's assertion that the California Department of Corrections and Rehabilitation is no longer the proper respondent in this action was not raised before the magistrate judge and will not be considered by the court in resolving the current motion to dismiss. The issue may become relevant when petitioner's claim is addressed on the merits, but it need not be resolved at this stage of the proceedings.

Finally, the court confirms the recommendation that respondent be directed to answer the petition on the merits, now that two motions to dismiss this action have been denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 9, 2017, are adopted in full;

2. Respondent's motion to dismiss (ECF No. 38) is denied; and

3. Respondent is directed to file an answer within fourteen days of service of this order.

DATED: January 31, 2018.

_____
UNITED STATES DISTRICT JUDGE