1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NARINDER SINGH KHATKARH,              No.  2:14-cv-00079-KJM-KJN P

12                 Petitioner,

13        v.                               ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION,

16                 Respondent.

17

18            Earlier on the date this order is being filed, June 19, 2019, petitioner moved for an

19   emergency order staying petitioner's impending removal proceedings.  ECF No. 55.  Petitioner

20   currently is detained by Immigration and Customs Enforcement (ICE) and has been subject to

21   removal proceedings since serving a three-year state sentence.  While petitioner is housed at Yuba

22   County Jail he is in federal immigration custody, awaiting deportation "in a matter of days."  ECF

23   No. 55-1 at ¶¶ 4–5.  Petitioner contends this court can act on his request because, he says, he is

24   exempt from the jurisdictional bar imposed on district courts by the REAL ID Act of 2005,

25   8 U.S.C. § 1252(a)(5), in that he seeks injunctive relief based on a collateral matter; that collateral

26   matter is his underlying state conviction challenged by his pending habeas petition, and not based

27   on any aspect of the removal proceedings themselves.  ECF No. 55 at 5–9.  As explained below,

28   the court is not persuaded it has jurisdiction.  The motion is DENIED.

                                        1

A district court may stay proceedings in the exercise of its authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for [the] litigants." *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As petitioner notes, motions to stay are analogous to requests for preliminary injunctive relief, and the analysis is similar. *Id. at* 426 (considering (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) potential impairment to opposing party's interest in the proceedings, and (4) public interest considerations). Here, the court does not reach these factors, because it does not have jurisdiction to provide the relief petitioner seeks.

Petitioner specifically "asks this court to temporarily stay [] removal [proceedings]." ECF No. 55 at 11. As noted, however, district courts generally are divested of jurisdiction over removal proceedings, with only narrow exceptions. 8 U.S.C. §§ 1252(a)(5) & 1252(e). Petitioner does not rely on any exception set forth in the federal statute, however, but appears to rely solely on the fact of his federal habeas petition through which he seeks to vacate the prior state criminal conviction on which his removal is based. ECF No. 55 at 5–9. Even assuming without deciding that success on petitioner's habeas petition would improve the posture of any case he has before immigration authorities, the court in this habeas matter brought against petitioner's state custodian would have the power only to grant the writ directed to that custodian, if it ultimately decides the matter in petitioner's favor. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (proper respondent to a habeas petition is one who possesses "the power to produce the body of such party before the court or judge" (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). But it is not the state custodian's action that petitioner seeks to stay in the instant motion; rather he seeks to stay action he says ICE will take shortly. Because ICE is not a party to this action, the court does not appear to have jurisdiction to issue an order directing ICE to take any particular action with respect to petitioner. *Cf. Illinois v. U.S. Dep't of Health and Human Servs.*, 772 F.2d 329, 332 (7th Cir. 1985) (under circumstances not present here, federal preliminary injunction rule allows "that defendants may not nullify a decree by carrying out

2

1 prohibited acts through aiders and abettors, although they were not parties to the original

2 proceeding." (citation omitted); rule codifies "common-law rule allowing a non-party to be held

3 in contempt for violating the terms of an injunction when a non-party is legally identified with the

4 defendant or when the non-party aids or abets a violation of an injunction." (citation omitted)).

5 Even if ICE were a party, the court doubts it would have jurisdiction to act given the

6 jurisdictional limits set by the REAL ID Act. Petitioner has not met his burden of demonstrating

7 otherwise.

8 Although the court has certain powers authorized by the All Writs Act, *see* 28

9 U.S.C. § 1651, the court has not issued any orders in this matter whose integrity must be

10 protected by the issuance of the requested stay. *Nat'l Org. for the Reform of Marijuana Laws v.*

11 *Mullen*, 828 F.2d 536, 544 (9th Cir. 1987) (recognized application of All Writs Act is "issuance

12 of orders necessary to ensure the integrity of orders previously issued") (citation omitted)).

13 The court's decision here does not in any way revisit the court's prior findings

14 regarding the redressability of petitioner's underlying habeas petition, which remains pending

15 before the court. *See* ECF No. 48 (addressing respondent's redressability arguments).

16 For these reasons, petitioner's motion for emergency stay of removal proceedings

17 is DENIED, without prejudice to refiling in a new action in the proper court naming the proper

18 respondent.

19 IT IS SO ORDERED.

20 DATED: June 19, 2019.

21

22 _____
   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28